## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| RAMONDO BRANDON II | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: |
| | ) | |
| CSL PLASMA CENTER, THE CITY OF | ) | |
| ROCKFORD, ROCKFORD POLICE OFFICER | ) | **Jury Trial Demanded** |
| A. STONE #2234, and UNKNOWN ROCKFORD | ) | |
| POLICE OFFICERS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AT LAW

**NOW COMES** Plaintiff RAMONDO BRANDON II (hereinafter referred to as "Plaintiff"), by and through his attorney, Keenan J. Saulter of SAULTER LAW, P.C., and for his Complaint at Law against CSL PLASMA CENTER (hereinafter referred to as "CSL Plasma") and the CITY OF ROCKFORD, ROCKFORD POLICE OFFICER ALEXANDER STONE, and UNKNOWN ROCKFORD POLICE OFFICERS individually and as duly authorized agents, servants and employees of Defendant THE CITY OF ROCKFORD states as follows:

## OVERVIEW

1.     This case relates to an extremely unfortunate and preventable incident that occurred at CSL Plasma Center located at 3800 E. State Street in Rockford, Illinois on January 11, 2020.

2.     As a result of this incident, Plaintiff was physically injured as well as emotionally scarred and traumatized by Defendant ROCKFORD POLICE

1

OFFICER ALEXANDER STONE, and UNKNOWN ROCKFORD POLICE

OFFICERS individually and as duly authorized agent, slammed Plaintiff to the

ground—when he had committed no crime in violation of 42 U.S.C. § 1983.

3.      Additionally, Plaintiff seeks redress for violation of the rights

guaranteed to Plaintiff to pursuant to Title I 42 U.S.C. §§12112 and Title II of the

Americans with Disabilities Act of which redresses the discrimination against

individuals on the basis of disability.

## PLAINTIFF

4.      Plaintiff was a resident of the Northern District of Illinois, Western

Division at the time of the incident (and he remains a resident here as of the filing

of this action).

## DEFENDANTS

5.      Defendant CSL Plasma operates its business in the Northern District

of Illinois, Western Division at the time of the incident (and the entity remains a

resident here as of the filing of this actions).

6.      Defendant ROCKFORD POLICE OFFICER ALEXANDER STONE

(hereinafter referred to as "STONE") was at all times relevant hereto, a duly sworn

officer of the CITY OF ROCKFORD, at all times relevant, STONE was acting

within the scope of his employment as a sworn peace officer employed by the CITY

OF ROCKFORD, and he remained in that position as of and beyond the date of the

incident referenced herein.

7.     At all times relevant, Defendants UNKNOWN CITY OF ROCKFORD POLICE OFFICERS (hereinafter referred to as "UNKNOWN OFFICERS") was duly employed as officers of Defendant THE CITY OF ROCKFORD, at all times relevant, UNKNOWN OFFICER was acting within the scope of their employment as a sworn peace officers employed by the CITY OF ROCKFORD.

## JURISDICTION STATEMENT

8.     This action arises under 42 U.S.C. § 12112 and 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction of Plaintiffs' state law claims.

9.     On or about October 15, 2020, Plaintiff timely filed a Charge of Discrimination with EEOC. It is attached hereto and incorporated by reference as Exhibit "A".

10.     Plaintiff received a Notice of Right to Sue on Plaintiff's Charge on March 15, 2021. It is attached hereto and incorporated by reference as Exhibit "B".

11.     Plaintiff timely files this Complaint for Employment Discrimination with ninety (90) days of his receipt of the Notice of Right to Sue Letter.

## VENUE

12.     Venue in the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants are subject to personal jurisdiction in this judicial district and all of the events that give rise to the case occurred in this judicial district.

## VICARIOUS LIABILITY

13.     Whenever in this complaint it is alleged that a defendant did any act or thing, it is meant that the defendant's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

14.     The Defendant Rockford Police Officers were and are employees of the Defendant THE CITY OF ROCKFORD who acted within the scope of their employment when committing the actions and omissions detailed above.

## *RESPONDENT SUPERIOR* – STATE LAW

15.     In committing the acts and omissions alleged herein, the Defendant Rockford Police Officers were at all times members and agents of the Rockford Police Department and the Defendant CITY OF ROCKFORD and were acting within the scope of their employment.

16.     The Defendant CITY OF ROCKFORD is, therefore, liable as principal for all common law torts by its agents within the scope of their employment.

## INDEMNIFICATION – STATE LAW

17.    Illinois law, 745 ILCS 10/9-102, directs public entities to pay any common law tort judgment for compensatory damages for which employees are held liable within the scope of their employment activities.

18.    The Defendant Rockford Police Officers that illegally assaulted Plaintiff were at all times relevant employees of the Defendant CITY OF ROCKFORD who acted within the scope of their employment when committing the actions and omissions detailed herein.

## FACTS COMMON TO ALL COUNTS

19.    Plaintiff began working for Defendant CSL Plasma located at 3800 E. State Street in Rockford, Illinois as a plasma-processing technician on October 21, 2019.

20.    Shortly after becoming employed with CSL Plasma around late October or early November, Plaintiff had misplaced his personal bag and in attempt to locate the bag he began retracing his steps throughout CSL Plasma.

21.    As he was searching for the bag, Center Manager Kristi Davis was asked to review the security footage as Plaintiff believed that someone may have taken his personal belongings.

22.    After review Kristi Davis told Plaintiff that he should check his vehicle for his belongings it was at that time Plaintiff disclosed that he had been diagnosed with Post Traumatic Stress Disorder (commonly referred to as PTSD) which caused him to have a hard time trusting people.

5

23.    Plaintiff shared this information with Kristi Davis as his supervisor and also to put CSL Plasma on notice of his diagnosis and how symptoms may appear as what some would categorize as erratic behavior.

24.    As part of the work environment at CSL Plasma music was routinely played aloud by individuals, but over time there was a change where music was no longer allowed unless the CSL Plasma was providing the music.

25.    The change in environment led Plaintiff to meet with Kristi Davis and inform her of the stress this change was creating for Plaintiff. This was a major change in the environment for Plaintiff so he requested that he be allowed to listen to his own personal music, but Plaintiff's request went unanswered as Kristi Davis indicated the request would be dependent on his future performance.

26.    Plaintiff plainly explained what change was causing the stress and asked for individual accommodation, however, his request was ignored.

27.    With such a drastic change in the environment Plaintiff continued to experience stress and began having suicidal ideations and confided in Medical Operations Supervisor (MOS) Rob Heit in the locker room as he prepared to leave CSL Plasma at the end of his shift on January 10, 2020.

28.    During this conversation with MOS Rob Heit informed Plaintiff that the change was permanent and provide Plaintiff with Employee Assistance Program (EAP) hotline.

29.    Plaintiff's pleas of accommodation were again ignored as mere inconvenience without regard to Plaintiff's known disability.

6

30. On January 11, 2020, Plaintiff reported to work as scheduled to begin performing the duties of his employment at CSL Plasma when Plaintiff informed Kristi Davis that he began having suicidal ideation and wanted to be excused to go home for the remainder of his scheduled shift.

31. Plaintiff having had a plan in place for when he experienced suicidal ideations, his plan included returning to his home to find a place of stability and on prior occasions Plaintiff had contacted the Veterans Crisis Hotline.

32. Upon informing, Kristi Davis, that he wanted to leave work to follow his plan and seek help, if needed, Rob Heit instead called the Rockford Police Department.

33. In response to Rob Heit's request, two Rockford police officers arrived and Plaintiff explained to the officers that he was having suicidal ideation and that he had a plan in place which included returning to his home and, if necessary, contacting the Veterans Crisis Hotline.

34. Plaintiff's request was denied and Plaintiff was informed by the officers he was not able to leave.

35. The officers asked Plaintiff if he required any medical attention and Plaintiff denied medical attention as Plaintiff explained he did not have a plan to harm himself but that he did not feel as though he wanted to continue living which is the exact situation his crisis plan was created to handle.

36. As Plaintiff continued to express to the two officers that he was experiencing suicidal ideations, Plaintiff explained to the officers that he had been

7

diagnosed with Post Traumatic Stress Disorder and that physical touch and closeness agitated the symptoms.

37.    In response the officers became aggressive and pushed Plaintiff's chest with two fingers causing Plaintiff to become off balanced and upon regaining his footing Plaintiff was face-to-face with one of the officers. At this time, the other officer, having just heard Plaintiff express his condition and being aware of the underlying suicidal ideations, grabbed Plaintiff from one side and the other grabbed Plaintiff from the other side and forced Plaintiff to the ground.

38.    The force which Plaintiff was thrown to the ground by the Rockford police officers caused his left knee to break.

39.    Plaintiff was then taken to Swedish American Hospital Emergency Room by the two officers where he was treated for his knee injury.

40.    Subsequent to this event, on January 24, 2020, CSL Plasma terminated Plaintiff without further incident.

<u>COUNT I</u> – CSL Plasma
<u>42 U.S.C. §12112 — DISABILITY DISCRIMINATION</u>

41.    Plaintiff repeats and realleges Paragraphs No. 1-40 as if fully stated herein.

42.    The Defendant CSL Plasma subjected Plaintiff to a discriminatory work environment based on his Post Traumatic Stress Disorder, through severe and/or pervasive actions, thereby negatively altering the conditions of his employment and adversely affecting Plaintiff's employment opportunities.

8

43.     The Defendant CSL Plasma failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

44.     The Defendant CSL Plasma subjected Plaintiff to adverse actions based on his disability including but not limited to termination and subjecting her to a hostile environment.

45.     The aforementioned acts and omissions of the Defendant CSL Plasma constituted intentional discrimination against Plaintiff on the basis of his disability, Post Traumatic Stress Disorder, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. §12112 and Title II of the Americans with Disabilities Act.

46.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered emotional distress, lost wages and benefits, and other consequential damages.

## COUNT II – CITY OF ROCKFORD and ROCKFORD POLICE OFFICERS
## 42 U.S.C. §1983 Claim — Excessive Force

47.     Plaintiff repeats and realleges Paragraphs No. 1-46 as if fully stated herein.

48.     As described above, Defendant Rockford Police Officers used excessive force when throwing Plaintiff to the ground causing his left knee to break.

49.     At all times relevant herein, the conduct of Defendant Rockford Police Officers was subject to and governed by 42 U.S.C. §1983.

50.     At all times relevant herein, Plaintiff was entitled to the rights established by the Fourth Amendment of the United States Constitution.

9

51.    Acting under the color of law, Defendant Rockford Police Officers intentionally and unlawfully made physical contact with Plaintiff's person and used excessive force which was harmful and offensive without valid cause.

52.    Acting under the color of law, Defendant Rockford Police Officers detained Plaintiff without probable cause as required by the United States Constitution and by federal law.

53.    Defendant Rockford Police Officers' conduct of attacking, and falsely imprisoning unarmed Plaintiff who committed no criminal conduct was, extreme and outrageous.

54.    This misconduct was undertaken by Defendant Rockford Police Officers Alexander Stone, and an Unknown Rockford Police Officers, under the color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

55.    The acts of Defendant Rockford Police Officers Alexander Stone, and an Unknown Rockford Police Officers, were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

56.    As a result of Defendant Rockford Police Officers Alexander Stone, and an Unknown Rockford Police Officers, unjustified and excessive use of force, as well as the Defendant THE CITY OF ROCKFORD policies and procedures, customs and practices of Defendant THE CITY OF ROCKFORD in that:

> a.    As a matter of both policy and practice, the Defendant CITY OF ROCKFORD directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise

10

and control its Police Officers, such that its failure to do so manifests deliberate indifference, and by hiring unqualified individuals as Rockford Police Officers; suffered emotional distress, lost wages and benefits, and other consequential damages;

b.      As a matter of both policy and practice, the Defendant CITY OF ROCKFORD's Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Rockford Police Department Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff's;

c.      Rockford Police Department Officers accused of excessive force can be confident that the Defendant CITY OF ROCKFORD's Police Department will not investigate those accusations in earnest, will not recommend or seek out criminal charges against Rockford Police Officers, and will refuse to recommend discipline even where a Rockford Police Officer has engaged in excessive force;

d.      The Defendant CITY OF ROCKFORD's Police Department has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

57.      As a proximate result of one or more of the aforesaid acts and omissions, Plaintiff sustained permanent injuries which will remain for the remainder of his life.

## COUNT III -- CITY OF ROCKFORD and ROCKFORD POLICE OFFICERS FALSE IMPRISONMENT – STATE LAW

58.      Plaintiffs re-allege paragraphs 1 through 57 above and incorporate them into this count by reference.

59.      The manner in which the Defendant Rockford Police Officers conducted their inquiry based on the call of Rob Heit was objectively unreasonable, in violation of their rights.

11

60.    The Defendant Rockford Police Officers entered Plaintiffs' place of employment and tackled, slammed him on his knee and handcuffed Plaintiff when he did not pose a threat and placed him under arrest.

61.    This arrest was unlawful and without legal cause or justification.

62.    The Defendant Rockford Police Officers acted without having reasonable grounds to believe that an offense was committed by Plaintiff.

63.    Plaintiff had his personal liberty or freedom of locomotion unlawfully restrained.

64.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant Rockford Police Officers, Plaintiff suffered damages.

65.    The Defendant Rockford Police Officers' conduct toward Plaintiff was undertaken with willful and wanton disregard for the rights of others.

66.    The Defendant Rockford Police Officers' actions toward Plaintiff have lasting or permanent psychological injury that Defendants' conduct has caused Plaintiff, Defendants' conduct merits an award of punitive damages.

## COUNT IV– CITY OF ROCKFORD and ROCKFORD POLICE OFFICERS ASSAULT – STATE LAW

67.    Plaintiffs re-allege paragraphs 1 through 66 and incorporate them into this count by reference.

68.    The actions of the Defendant Rockford Police Officers set forth above, created reasonable apprehension in Plaintiff of immediate harmful contact to Plaintiff's person by the Defendants.

69.     The Defendant Rockford Police Officers intended to bring about apprehension of immediate harmful contact in Plaintiff or knew that their actions would bring such apprehension.

70.     In the alternative, the conduct of the Defendant Rockford Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others.

71.     The conduct of the Defendant Rockford Police Officers in illegally restraining Plaintiff are generally associated with a risk of serious injuries. Numerous prior injuries have occurred to civilians in this context.

72.     The Defendant Rockford Police Officers failed to take reasonable precaution after having knowledge of impending danger to Plaintiff.

73.     The Defendant Rockford Police Officers' actions were the direct and proximate cause of Plaintiff's apprehension.

74.      Plaintiff has been seriously harmed by the Defendant Rockford Police Officers' actions.

75.     In light of the character of the Defendant Rockford Police Officers' actions toward Plaintiff and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiff, defendants' conduct merits an award of punitive damages.

## COUNT V – CITY OF ROCKFORD and ROCKFORD POLICE OFFICERS
## BATTERY – STATE LAW

76.    Plaintiffs re-allege paragraphs 1 through 75 and incorporate them into this count by reference.

77.    The actions of the Defendant Rockford Police Officers set forth above, including assaulting and handcuffing Plaintiff by force constituted an unwarranted physical touching.

78.    The Defendant Rockford Police Officers intentionally took these actions.

79.    In the alternative, the conduct of the Defendant Rockford Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of Plaintiff.

80.     Plaintiff has been seriously harmed by the Defendant Rockford Police Officers' actions.

81.    In light of the character of the Defendant Rockford Police Officers' actions toward Plaintiff and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiff, defendants' conduct merits an award of punitive damages.

## COUNT VI – CITY OF ROCKFORD and ROCKFORD POLICE OFFICERS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – STATE LAW

82.    Plaintiffs re-allege paragraphs 1 through 81 above and incorporate them in this count by reference.

83.     The actions, omissions and conduct of the Defendant Rockford Police Officers set forth above were extreme and outrageous and exceeded all bounds of human decency.

84.     The Defendant Rockford Police Officers' actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to Plaintiffs, with the knowledge of the high probability that their conduct would cause such distress, or in reckless disregard of the probability that their actions would cause such distress.

85.     As a direct and proximate result of the Defendant Rockford Police Officers' extreme and outrageous conduct, Plaintiff suffered and continue to suffer long-term, severe emotional distress and trauma.

86.     The conduct of the Defendant Rockford Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

87.     The Defendant Rockford Police Officers conduct was a proximate cause of Plaintiff's injuries and their extreme, severe, long-term emotional distress and trauma.

## COUNT VI – CITY OF ROCKFORD and ROCKFORD POLICE OFFICERS NEGLIGENT (RECKLESS) INFLICTION OF EMOTIONAL DISTRESS – STATE LAW

88.     Plaintiffs re-allege paragraphs 1 through 87 above and incorporate them in this count by reference.

89.     The actions, omissions and conduct of the Defendant Rockford Police Officers set forth above were extreme and outrageous and exceeded all bounds of human decency.

90.     The conduct of the Defendant Rockford Police Officers showed an utter indifference to or conscious disregard for the safety of others and/or their property.

91.     The Defendant Rockford Police Officers' actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to Plaintiffs, with the knowledge of the high probability that their conduct would cause such distress, or in reckless disregard of the probability that their actions would cause such distress.

92.     As a direct and proximate result of Defendant Rockford Police Officers' extreme and outrageous conduct, Plaintiff suffered and continue to suffer long-term, severe emotional distress and trauma.

93.     The conduct of the Defendant Rockford Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

94.     In the alternative, the Defendant Rockford Police Officers owed Plaintiff a duty of care that they breached when they entered his place of employment and brutalized him.

95.     Plaintiff is victims of Defendant Rockford Police Officers' negligent (reckless) infliction of emotional distress.

96.     Defendant the Defendant Rockford Police Officers' conduct was a proximate cause of Plaintiffs' injuries and their extreme, severe, long-term emotional distress and trauma.

## PRAYER FOR RELIEF (ALL COUNTS)

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a.    Award actual and compensatory damages in amounts to be determined at trial and prejudgment interest thereon in excess of $75,000.00 against each Defendant;

b.    Punitive damages (against the every Defendant other than the City of Rockford);

c.    Reasonable attorney's fees and litigation costs and expenses; and

d.    Declare the conduct of Defendant CSL Plasma to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

e.    Grant a permanent injunction restraining Defendant CSL Plasma, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of disability;

f.    Order Defendant CSL Plasma to make whole RAMONDO BRANDON II by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

17

g.   Order Defendant CSL Plasma to pay lost, foregone, and future wages to RAMONDO BRANDON II; and

h.   Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Keenan J. Saulter
**Saulter Law P.C.**
18154 Harwood Avenue, Suite 108
P.O. Box 1475
Homewood, Illinois 60430
708.573.0060 Telephone
708.573.0061 Facsimile
kjs@saulterlaw.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2020-05034 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **RAMONDO M BRANDON** | **(779) 210-9284** | **1981** |

| Street Address | City, State and ZIP Code |
|---|---|
| **616 N PROSPECT ST., ROCKFORD,IL 61107** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **CSL PLASMA** | **501+** | **(779) 207-4419** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3800 E.STATE, ROCKFORD, IL 61108** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | Earliest: **01-11-2020** Latest: **01-11-2020** |
| ☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by Respondent in or around October 2019 as a Laboratory Technician. Respondent was aware of my medical condition. During my employment, I informed Respondent that was experiencing symptoms related to my medical condition and requested a reasonable accommodation. Instead of providing a reasonable, Respondent called the police, who attacked me and caused bodily harm. Shortly thereafter, Respondent discharged me and denied my unemployment.**

**I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Ramondo Brandon on 10-15-2020 03:37 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

Exhibit A

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS     --     Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Ramondo M. Brandon, II**
**616 N Prospect St.**
**Rockford, IL 61107**

From: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2020-05034** | **Janel Smith,** **Investigator** | **(312) 872-9690** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/np*                                              3/4/2021

Enclosures(s)

**Julianne Bowman,**
**District Director**

*(Date Mailed)*

cc:     **CSL PLASMA**
       **c/o Craig Soderholm, CEO**
       **3800 E.State**
       **Rockford, IL 61108**

# Exhibit B

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.